UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREW PAUL CAPPS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CV-90-SRC ) |
| DIONNE KELLY, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Andrew Paul Capps, a pre-sentencing detainee at the Phelps County Jail, for leave to commence this action without pre-payment of the required filing fee. Having reviewed the application and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $23.38. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### Initial Filing Fee Under Prison Litigation Reform Act

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full. *Id.*

In support of the motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $116.92. The Court will therefore assess an initial partial filing fee of $23.38, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts

which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff files this civil action pursuant to 42 U.S.C. § 1983 against defendant Dionne Kelly, a nurse at the Phelps County Jail, in her individual capacity.[1] Plaintiff states that on January 8, 2021, he went to the nurses' station at the Phelps County Jail to have his blood drawn. He states that Nurse Kelly could not find a vein to draw the blood, so she stuck plaintiff twice with the needle. Plaintiff states that this caused bruising of his inner arm and a painful knot. Nurse Kelly treated the injury with a band aid.

For relief, plaintiff seeks $250,000 in damages from defendant for "poor medical malpractice."

## Discussion

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounts to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that

---

[1] In the caption of the complaint, plaintiff spells defendant's name "Dionne Kelley." Throughout the body of the complaint, however, the plaintiff refers to defendant as "Dionne Kelly." The Court will refer to plaintiff as defendant "Dionne Kelly."

need.  *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *see also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019).  To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014).  As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017).  Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence.  *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Plaintiff alleges Nurse Kelly could not find a vein on plaintiff from which to draw blood.  This resulted in her sticking plaintiff twice with the needle to draw blood, causing him pain, bruising, and a knot.  Plaintiff states he is suing her under 42 U.S.C. § 1983 for "poor medical malpractice."  Allegations of mere negligence or carelessness in medical treatment are insufficient to state an Eighth Amendment claim.  *Estelle*, 429 U.S. at 106; *see also Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) ("Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation.").  For example, an accident is not characterized as wanton infliction of unnecessary pain.  *See Estelle*, 429 U.S. at 106.  As the Supreme Court noted in *Estelle*, in *Louisiana ex rel. Francis v. Resweber*, the Supreme Court concluded that it was not unconstitutional "to force a prisoner to undergo a second effort to electrocute him after a mechanical malfunction had thwarted the first attempt." *Id.* at 105.  A complaint that a medical professional has been negligent in treating a medical condition does not state a valid claim of deliberate indifference under the Eighth Amendment.  *Id.* at 106.

The Court finds plaintiff cannot state a plausible claim under § 1983 for deliberate indifference to a serious medical need against defendant Nurse Kelly based on his allegation that Nurse Kelly had a difficult time finding a vein from which to draw plaintiff's blood.  Plaintiff has

not alleged any deliberate indifference on the part of Nurse Kelly. At most, plaintiff has alleged Nurse Kelly was negligent in her inability to find his vein on her first attempt. Such facts, even viewed in the light most favorable to plaintiff, do not rise to the level of a plausible Eighth Amendment claim for deliberate indifference to medical needs. For this reason, the Court will dismiss plaintiff's complaint against defendant Nurse Kelly.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $23.38 within thirty (30) days of the date of this Memorandum and Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that on initial review pursuant to 28 U.S.C. § 1915(e), plaintiff's complaint is **DISMISSED without prejudice**.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of February, 2021.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE